[No. S127505. Nov. 21, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE PARTIDA, Defendant and Appellant.

## COUNSEL

Verna Wefald, under appointment by the Supreme Court, for Defendant and Appellant.

Michael J. Hersek, State Public Defender, and Barry P. Helft, Chief Deputy State Public Defender, as Amici Curiae on behalf of Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Donald E. De Nicola, Lance E. Winters, John R. Gorey and Laura J. Hartquist, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CHIN, J.**—In this case, the trial court admitted evidence of defendant's gang involvement over his objection that the evidence was more prejudicial than probative. (See Evid. Code, § 352.) The Court of Appeal concluded that the court erred in admitting some of the evidence but found the error harmless. We granted review to decide when, if ever, a trial objection on Evidence Code section 352 grounds preserves the appellate argument that admitting the evidence violated a defendant's federal due process rights and, if the argument is preserved, under what circumstances error of this nature does violate due process.

■ We conclude that a trial objection must fairly state the specific reason or reasons the defendant believes the evidence should be excluded. If the trial court overrules the objection, the defendant may argue on appeal that the court should have excluded the evidence for a reason asserted at trial. A defendant may not argue on appeal that the court should have excluded the evidence for a reason *not* asserted at trial. A defendant may, however, argue that the asserted error in overruling the trial objection had the legal consequence of violating due process.

■ Defendant argues on appeal primarily, perhaps exclusively, that the trial court should have excluded the evidence for the reason asserted at trial—that it was more prejudicial than probative. He also argues that this asserted error violated his right to due process. He may make that argument. To the extent, if any, he argues that due process required the court to exclude the evidence for a reason not included in the trial objection, that argument is forfeited because he did not object to the evidence on that basis at trial.

On the merits, we accept the Court of Appeal's conclusion that the trial court erred in overruling defendant's trial objection as to some of the gang evidence. We also conclude that error of the kind asserted here rises to the level of a due process violation only if it renders the trial fundamentally unfair. Finally, we also accept the Court of Appeal's conclusions that the perceived error was harmless under state law and did not render the trial fundamentally unfair.

## I. FACTS AND PROCEDURAL HISTORY

On August 11, 2001, Jesse Moreno and three companions were ordering food at a Tacos El Unico taco stand in the Compton area of Los Angeles. A passenger in a green van, identified as defendant, asked Moreno, "Where are you from?" Moreno and a companion told defendant, "We don't bang." Defendant responded, "I'm from USV, Unos Sin Verguenza." The van then left but soon turned around. Later defendant approached Moreno on foot, holding a gun. When defendant pointed the gun at Moreno, Moreno tried to flee, but defendant shot him from behind. As he did so, defendant said, "Fuck you, I'm from USV, Unos Sin Verguenza." Moreno died of two gunshot wounds in the back.

Defendant was charged with Moreno's murder. At trial, after a pretrial hearing, and over defendant's objection, the court permitted a sheriff's detective to testify as an expert on criminal street gangs. He testified that in English, "Unos Sin Verguenza" means "those without shame" or "ones without shame." He provided substantial testimony about gangs, including how they mark out their territory, and how they commit violent crimes to enhance their reputation. Just before the detective testified, defense counsel renewed on the record that he was objecting to the gang evidence on the basis of Evidence Code section 352 because it was "unnecessary and at this point it's cumulative. They have evidence that this gang is in that area [because] there is graffiti there and that my client has been identified as a member of this gang and that the person who committed this murder is from the gang, and anything beyond that is cumulative at this point and more prejudicial than probative."

A jury found defendant guilty of Moreno's murder in the first degree and found true a weapon enhancement allegation. The court sentenced him to prison for a total of 50 years to life. He appealed.

The Court of Appeal affirmed the judgment. It found that, although much of the gang evidence was properly admitted, the trial court abused its discretion under Evidence Code section 352 in admitting some of it. It also concluded that defendant's trial objection to the gang evidence as more prejudicial than probative (Evid. Code, § 352) preserved for appeal the argument that erroneously admitting the evidence violated his due process rights. It held, however, that defendant's due process rights were not violated because admitting the gang evidence did not make the trial fundamentally unfair. Finally, it found the perceived error harmless under the test for state law error established in *People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; it found no reasonable probability defendant would have obtained a more favorable outcome had the evidence been excluded.

We granted defendant's petition for review.

## II. Discussion

### A. *Forfeiture*

Defendant objected to the gang evidence at trial on the ground that it should have been excluded under Evidence Code section 352 because it was more prejudicial than probative.[1] He did not object at trial that admitting the evidence would violate his due process rights. On appeal, he argues that the court erred in overruling the objection and also that the asserted error violated his constitutional right to due process. He does not clearly specify which Constitution, state or federal, he is relying on, but the briefing generally discusses the federal Constitution. Accordingly, we will focus on defendant's federal due process claim.

The first question we must decide is whether petitioner's objection under Evidence Code section 352 preserved his due process argument on appeal. The question is one of statutory interpretation. Evidence Code section 353 provides, as relevant, "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless: [¶] (a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and *so stated as to make clear the specific ground of the objection or motion . . . .*" (Italics added.) "In accordance with this statute, we have

---

[1] Evidence Code section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

consistently held that the 'defendant's failure to make a timely and specific objection' on the ground asserted on appeal makes that ground not cognizable. (*People v. Green* (1980) 27 Cal.3d 1, 22 [164 Cal.Rptr. 1, 609 P.2d 468] [objection on ground that questions were leading does not preserve appellate argument that the evidence was impermissible evidence of other crimes] . . . .)" (*People v. Seijas* (2005) 36 Cal.4th 291, 302 [30 Cal.Rptr.3d 493].)

A century ago, long before the Evidence Code existed, we explained the need for a specific objection. "To require this is simply a matter of fairness and justice, in order that cases may be tried on their merits. Had attention been called directly in the court below to the particular objection which it is now claimed the general objection of appellant presented, that court would have had a concrete legal proposition to pass on, and counsel for plaintiff would have been advised directly what the particular complaint against the question was, and, if he deemed it tenable, could have withdrawn the inquiry or reframed his question to obviate the particular objection. Trial judges are not supposed to have the numerous, varied, and complex rules governing the admissibility of evidence so completely in mind and of such ready application that under an omnivagant objection to a question they can apply with legal accuracy some particular principle of law which the objection does not specifically present." (*Bundy v. Sierra Lumber Co.* (1906) 149 Cal. 772, 776 [87 P. 622]; see *People v. Morris* (1991) 53 Cal.3d 152, 187–188 [279 Cal.Rptr. 720, 807 P.2d 949] [citing *Bundy*].)

The objection requirement is necessary in criminal cases because a "contrary rule would deprive the People of the opportunity to cure the defect at trial and would 'permit the defendant to gamble on an acquittal at his trial secure in the knowledge that a conviction would be reversed on appeal.' " (*People v. Rogers* (1978) 21 Cal.3d 542, 548 [146 Cal.Rptr. 732, 579 P.2d 1048].) "The reason for the requirement is manifest: a specifically grounded objection to a defined body of evidence serves to prevent error. It allows the trial judge to consider excluding the evidence or limiting its admission to avoid possible prejudice. It also allows the proponent of the evidence to lay additional foundation, modify the offer of proof, or take other steps designed to minimize the prospect of reversal." (*People v. Morris, supra*, 53 Cal.3d at pp. 187–188.)

■ Thus, the requirement of a specific objection serves important purposes. But, to further these purposes, the requirement must be interpreted reasonably, not formalistically. "Evidence Code section 353 does not exalt form over substance." (*People v. Morris, supra*, 53 Cal.3d at p. 188.) The

statute does not require any particular form of objection. Rather, "the objection must be made in such a way as to alert the trial court to the nature of the anticipated evidence and the basis on which exclusion is sought, and to afford the People an opportunity to establish its admissibility." (*People v. Williams* (1988) 44 Cal.3d 883, 906 [245 Cal.Rptr. 336, 751 P.2d 395].) What is important is that the objection fairly inform the trial court, as well as the party offering the evidence, of the specific reason or reasons the objecting party believes the evidence should be excluded, so the party offering the evidence can respond appropriately and the court can make a fully informed ruling. If the court overrules the objection, the objecting party may argue on appeal that the evidence should have been excluded for the reason asserted at trial, but it may not argue on appeal that the court should have excluded the evidence for a reason different from the one stated at trial. A party cannot argue the court erred in failing to conduct an analysis it was not asked to conduct.

In this case, defendant objected at trial that the gang evidence should be excluded under Evidence Code section 352. The objection alerted the court to the nature of the anticipated evidence and the basis on which its exclusion was sought. It permitted the court to make an informed ruling and gave the People the opportunity to establish the evidence's admissibility. On appeal, defendant may argue that the court erred in its ruling. But he may not argue that the court should have excluded the evidence for a reason different from his trial objection. If he had believed at trial, for example, that the trial court should engage in some sort of due process analysis that was different from the Evidence Code section 352 analysis, he could have, and should have, made this clear as part of his trial objection. He did not do so. Accordingly, he may not argue on appeal that due process required exclusion of the evidence for reasons other than those articulated in his Evidence Code section 352 argument.

We believe, however, that defendant may make a very narrow due process argument on appeal. He may argue that the asserted error in admitting the evidence over his Evidence Code section 352 objection had the additional legal consequence of violating due process. Similarly, a defendant may argue that error in overruling a trial objection was prejudicial under the *Watson* test (*People v. Watson, supra,* 46 Cal.2d 818) without citing *Watson* as part of the trial objection.

■ We recently concluded that, "[a]s a general matter, no useful purpose is served by declining to consider on appeal a claim that merely restates, under alternative legal principles, a claim otherwise identical to one that was properly preserved by a timely motion that called upon the trial court to consider the same facts and to apply a legal standard similar to that which would also determine the claim raised on appeal." (*People v. Yeoman* (2003) 31 Cal.4th 93, 117 [2 Cal.Rptr.3d 186, 72 P.3d 1166]; accord, *People v. Cole* (2004) 33 Cal.4th 1158, 1195, fn. 6 [17 Cal.Rptr.3d 532, 95 P.3d 811].)

■ Here, as discussed in part II.B., *post*, the admission of evidence, even if error under state law, violates due process only if it makes the trial fundamentally unfair. Accordingly, the due process argument is not identical to the trial objection. (See also *Duncan v. Henry* (1995) 513 U.S. 364 [130 L.Ed.2d 865, 115 S.Ct. 887] [due process and Evid. Code, § 352 claims are not identical for federal exhaustion purposes].) To the extent, if any, that defendant may be understood to argue that due process required exclusion of the evidence for a reason different from his trial objection, that claim is forfeited. Defendant could have apprised, but did not apprise, the trial court of such a claim. But defendant primarily makes a two-step argument on appeal: (1) the trial court erred in overruling the trial objection, and (2) the error was so serious as to violate due process.[2] To consider this narrow due process argument on appeal "entails no unfairness to the parties," who had the full opportunity at trial to litigate whether the court should overrule or sustain the trial objection. (*People v. Yeoman, supra*, 31 Cal.4th at p. 118.) Defendant's limited due process claim "merely invites us to draw an alternative legal conclusion [i.e., that erroneously admitting the evidence violated due process] from the same information he presented to the trial court [i.e., that the evidence was more prejudicial than probative]. We may therefore properly consider the claim on appeal." (*Id.* at p. 133.)

■ When a trial court rules on an objection to evidence, it decides only whether that particular evidence should be excluded. Potential consequences of error in making this ruling play no part in this decision. A reviewing court, not the trial court, decides what legal effect an erroneous ruling has. Here, the trial court was called on to decide whether the evidence was more prejudicial

---

[2] The concurring and dissenting opinion asserts that defendant's argument that "the gang evidence was inherently prejudicial in that it was akin to propensity evidence, criminal profile evidence, and evidence of crimes committed by third parties" is new and not included in his trial objection under Evidence Code section 352. (Conc. & dis. opn., *post*, at p. 441; see also *id.* at pp. 448–449.) In addition to this argument, defendant also argues that the evidence was not very probative, partly because it was cumulative. This is classic Evidence Code section 352 analysis, which requires a weighing of the prejudicial effect of evidence (hence permitting argument that the evidence is prejudicial) against its probative value. (E.g., *People v. Williams* (1997) 16 Cal.4th 153, 191–194 [66 Cal.Rptr.2d 123, 940 P.2d 710]; *People v. Champion* (1995) 9 Cal.4th 879, 922–923 [39 Cal.Rptr.2d 547, 891 P.2d 93].)

than probative. It did so. Whether its ruling was erroneous is for the reviewing court to decide. If the reviewing court finds error, it must also decide the consequences of that error, including, if the defendant makes the argument, whether the error was so serious as to violate due process. The consequences of hypothetical error are not something the trial court ordinarily can or should consider when making the initial ruling. The trial court merely rules on the actual objection. Ordinarily, it does not, and usually cannot, base this ruling on whether admitting prejudicial evidence would render the trial fundamentally unfair. Once the reviewing court has found error in overruling the trial objection, whether that error violated due process is a question of law for the reviewing court, not the trial court in ruling on the objection, to determine in assessing the consequence of that error. Similarly, in ruling on the trial objection, the trial court would not decide whether an erroneous ruling would be prejudicial under the *Watson* test. (*People v. Watson, supra,* 46 Cal.2d 818.)

If the trial objection fairly informs the court of the analysis it is asked to undertake, no purpose is served by formalistically requiring the party also to state every possible legal consequence of error merely to preserve a claim on appeal that error in overruling the objection had that legal consequence. Specifically, no purpose would be served by requiring the objecting party to inform the court that it believes error in overruling the actual objection would violate due process. Indeed, if a defendant who objected on Evidence Code section 352 grounds argues on appeal that the court erred in admitting the evidence for a reason different than that it was more prejudicial than probative, an additional trial invocation of due process or some other general principle that did not reasonably apprise the trial court of the analysis it was being asked to undertake would not be sufficient to preserve the argument.

The Attorney General cites a number of cases in which we found a due process argument on appeal not cognizable when the defendant had not objected on due process grounds at trial. (E.g., *People v. Heard* (2003) 31 Cal.4th 946, 972, fn. 12 [4 Cal.Rptr.3d 131, 75 P.3d 53]; *People v. Burgener* (2003) 29 Cal.4th 833, 869 [129 Cal.Rptr.2d 747, 62 P.3d 1]; *People v. Boyette* (2002) 29 Cal.4th 381, 424 [127 Cal.Rptr.2d 544, 58 P.3d 391]; *People v. Rowland* (1992) 4 Cal.4th 238, 273, fn. 14 [14 Cal.Rptr.2d 377, 841 P.2d 897]; *People v. Gordon* (1990) 50 Cal.3d 1223, 1240, fn. 2 [270 Cal.Rptr. 451, 792 P.2d 251].) Those cases should be read to hold only that the constitutional argument is forfeited to the extent the defendant argued on appeal that the constitutional provisions required the trial court to exclude the

evidence for a reason not included in the actual trial objection. They did not consider whether, and do not preclude us from holding that, defendant may argue an additional legal consequence of the asserted error in overruling the Evidence Code section 352 objection is a violation of due process.[3] (E.g., *People v. Cole, supra,* 33 Cal.4th at p. 1195, fn. 6 [trial objection under Evid. Code, §§ 352 and 1101 preserved claim that the asserted error violated due process and the constitutional right to a reliable verdict]; *People v. Jones* (1998) 17 Cal.4th 279, 305–306 [70 Cal.Rptr.2d 793, 949 P.2d 890]; *People v. Hawkins* (1995) 10 Cal.4th 920, 950–952 [42 Cal.Rptr.2d 636, 897 P.2d 574].)[4]

Here, to the extent defendant asserts a different theory for exclusion than he asserted at trial, that assertion is not cognizable.[5] But he primarily argues that the court erred in admitting the evidence because it was more prejudicial than probative under Evidence Code section 352, which was precisely his trial objection, and which was the basis for the Court of Appeal's finding of

---

[3] The concurring and dissenting opinion also relies heavily on these cases, but they do not consider this question. For example, the case that opinion discusses most extensively as "typical" (conc. & dis. opn., *post,* at p. 440), *People v. Rowland, supra,* 4 Cal.4th at page 273, footnote 14, states only this: "Defendant claims that by denying his motion [to bar certain testimony], the court *committed error* not only under Evidence Code section 352, but also under the United States Constitution, including the due process clause of the Fourteenth Amendment. He failed to make an argument below based on any federal constitutional provision. Hence, he may not raise such an argument here." (Italics added.) We reiterate that a defendant may not argue that the court committed error for a reason not included in the trial objection. But neither *Rowland* nor any of the other opinions cited in the dissenting and concurring opinion considered—or held one way or the other—whether the defendant may assert that error in overruling the actual objection was so serious as to violate due process.

[4] The concurring and dissenting opinion states that these three cases neither reflected that the Attorney General had asserted the claims were forfeited nor cited Evidence Code section 353. (Conc. & dis. opn., *post,* at p. 442, fn. 1.) The same is true of the cases the concurring and dissenting opinion cites as supposedly resolving this entire question. (*Id.* at p. 440.) (In *People v. Yeoman, supra,* 31 Cal.4th at page 133, where we permitted the defendant to argue that admitting certain evidence rendered the death sentence arbitrary and unreliable in violation of the Eighth Amendment to the United States Constitution, the People *did* argue that the Eighth Amendment claim was forfeited because the defendant had not cited that Amendment at trial, an argument we rejected.) None of these cases are authority for propositions not considered. That is why we are explaining and reconciling *all* of our cases, not just a selected portion of them. Principles of stare decisis do not preclude us from doing so.

[5] In response to the concurring and dissenting opinion's assertion that we are somehow permitting "a challenge to an evidentiary ruling based on an argument never presented to the trial court" (conc. & dis. opn., *post,* at p. 446) and, accordingly, are permitting defendants to "blindsid[e]" the trial court and prosecution (*id.* at pp. 450, 451), we can merely reiterate what we have already stressed: If the court overrules the objection, the objecting party may argue on appeal that the evidence should have been excluded for the reason asserted at trial, but it may not argue on appeal that the court should have excluded the evidence for a reason different from the one stated at trial. A party cannot argue the court erred in failing to conduct an analysis it was not asked to conduct. (*Ante,* at p. 435.) We are permitting no blindsiding.

error. Defendant also argues that this error had the legal consequence of violating his due process rights. This he may do.

### B. *The Merits*

Permitting defendant to argue that erroneously overruling his trial objections violated due process does not, of course, mean that the argument is meritorious; it only means that he may make the argument.

■ The Court of Appeal held that the trial court abused its discretion under Evidence Code section 352 in admitting some of the gang evidence. We accept for purposes of review this fact-specific application of settled law without deciding the question ourselves. (See Cal. Rules of Court, rule 29(b)(3) ["The court need not decide every issue the parties raise or the court specifies"]; *People v. Weiss* (1999) 20 Cal.4th 1073, 1076–1077 [86 Cal.Rptr.2d 337, 978 P.2d 1257].) Defendant argues that this error was so serious as to violate due process. But the admission of evidence, even if erroneous under state law, results in a due process violation only if it makes the trial *fundamentally unfair. (Estelle v. McGuire* (1991) 502 U.S. 62, 70 [116 L.Ed.2d 385, 112 S.Ct. 475]; *Spencer v. Texas* (1967) 385 U.S. 554, 563–564 [17 L.Ed.2d 606, 87 S.Ct. 648]; *People v. Falsetta* (1999) 21 Cal.4th 903, 913 [89 Cal.Rptr.2d 847, 986 P.2d 182] ["The admission of relevant evidence will not offend due process unless the evidence is so prejudicial as to render the defendant's trial fundamentally unfair"]; see also *Duncan v. Henry, supra*, 513 U.S. at p. 366.) Absent fundamental unfairness, state law error in admitting evidence is subject to the traditional *Watson* test: The reviewing court must ask whether it is reasonably probable the verdict would have been more favorable to the defendant absent the error. (*People v. Earp* (1999) 20 Cal.4th 826, 878 [85 Cal.Rptr.2d 857, 978 P.2d 15]; *People v. Watson, supra*, 46 Cal.2d at p. 836.)

The Court of Appeal applied the correct test both when it found no due process violation (fundamental fairness) and when it found the state law error harmless (*Watson*). Because the Court of Appeal's application of these tests is fact specific, we also accept its conclusions on these points.[6]

---

[6] In response to the concurring and dissenting opinion's assertion that this opinion is "likely to breed confusion" (conc. & dis. opn., *post*, at p. 449), we believe that permitting defendants to argue that error in overruling a trial objection was so serious as to render the trial fundamentally unfair in violation of their due process rights is neither particularly complex nor beyond the comprehension of future courts.

### III. Conclusion

We affirm the judgment of the Court of Appeal.

George, C. J., Werdegar, J., and Moreno, J., concurred.

**BAXTER, J.,** Concurring and Dissenting.—When a party objects at trial to the admission of certain evidence as substantially more prejudicial than probative under Evidence Code section 352 (section 352), may the party argue on appeal, for the first time, that the admission of the evidence violated due process? The answer to that question is found in the general forfeiture rule set forth in Evidence Code section 353, which bars relief based on the erroneous admission of evidence unless the aggrieved party presented an objection to the trial court "that was timely made and so stated as to make *clear* the *specific* ground of the objection" (italics added) and the reviewing court agrees that the evidence "should have been excluded *on the ground stated.*" (Italics added.) Because defendant's section 352 objection failed to make clear that he was also objecting to the evidence on due process grounds, the plain language of the statute compels the conclusion that he has thereby forfeited his due process claim.

The analysis here therefore should be straightforward. The general forfeiture rule set forth in Evidence Code section 353 "applies equally to *any* claim on appeal that the evidence was erroneously admitted, other than the stated ground for the objection at trial." (*People v. Kennedy* (2005) 36 Cal.4th 595, 612 [31 Cal.Rptr.3d 160, 115 P.3d 472], italics added.) In particular, for over 15 years, we have relied on section 353 to bar defendants from expanding a trial objection to evidence that rested on one ground—i.e., that the evidence was substantially more prejudicial than probative under section 352—into an appellate argument on a different ground—i.e., that admission of the evidence thereby rendered the trial fundamentally unfair. (See, e.g., *People v. Heard* (2003) 31 Cal.4th 946, 972, fn. 12 [4 Cal.Rptr.3d 131, 75 P.3d 53]; *People v. Burgener* (2003) 29 Cal.4th 833, 869 [129 Cal.Rptr.2d 747, 62 P.3d 1]; *People v. Boyette* (2002) 29 Cal.4th 381, 424 [127 Cal.Rptr.2d 544, 58 P.3d 391]; *People v. Rowland* (1992) 4 Cal.4th 238, 273, fn. 14 [14 Cal.Rptr.2d 377, 841 P.2d 897]; *People v. Raley* (1992) 2 Cal.4th 870, 892 [8 Cal.Rptr.2d 678, 830 P.2d 712]; *People v. Benson* (1990) 52 Cal.3d 754, 786, fn. 7 [276 Cal.Rptr. 827, 802 P.2d 330]; *People v. Gordon* (1990) 50 Cal.3d 1223, 1240, fn. 2 [270 Cal.Rptr. 451, 792 P.2d 251].) *Rowland* is typical. In that case, the defendant objected at the penalty phase of a capital trial to testimony from the second victim of a prior kidnapping on the ground that her testimony "would be substantially more prejudicial than probative" under section 352. (*Rowland, supra,* 4 Cal.4th at p. 273.) On appeal, the defendant renewed his section 352 claim but added a new claim of error based on the theory that the

second witness's testimony was so "inflammatory" as to deny him his rights "under the United States Constitution, including the due process clause of the Fourteenth Amendment." (*Rowland, supra,* 4 Cal.4th at p. 273, fn. 14.) We held—unanimously—that the due process claim was forfeited because defendant "failed to make an argument below based on any federal constitutional provision." (*Ibid.*)

*Rowland* and our other cases construing Evidence Code section 353 are indistinguishable from the circumstances here, which involve the admission of evidence of defendant's gang involvement to explain the motive for his senseless murder of Jesse Moreno. At an Evidence Code section 402 hearing prior to trial, the prosecution made an offer of proof concerning the gang expert's testimony and argued that this evidence tended to show the motive for Moreno's murder as well as the identity of the murderer. Defendant objected to this evidence, but on the specific grounds that the evidence was irrelevant and cumulative. Almost as an afterthought, and without any elaboration, defendant also summarily objected on the ground the evidence was "more prejudicial than probative" under section 352. The trial court excluded part of the proffered evidence and declared that the remainder, while inadmissible as to identity, could be used to demonstrate motive "because, you know, the jurors are going to sit there and say, 'Why did this happen?' . . . [and] what it all means when someone rolls up and says, 'Where you from?' and so forth." Defendant continued to object, but conceded that "if you're not going to allow it for identification at this point, then to prove motive I guess—I guess that it would be limited then."

At trial, the gang expert explained that "Where you from?" constitutes a "challenge" in the gang culture and is a question with "no correct answer." The questioner "is asking you to either say 'yes' and claim your gang or do what is shameful and rank out which means you deny you're . . . a member of the gang." When the questioner identifies his own gang—such as by saying, "This is USV, Unos Sin Verguenza"—he is making sure the victim and the others nearby know that the gang is "claiming" this territory. The expert also explained that gangs commit crimes to enhance their reputations, that more violent crimes instill more fear and respect in the community, and that the shooter would thus perceive no need to disguise himself or his gang affiliation in committing the crime.

On appeal, for the first time, defendant articulated a due process objection to this evidence. His due process objection was based not on the theory that the probative value of this evidence was substantially outweighed by the danger of undue prejudice but instead on the theory that the gang evidence was inherently prejudicial in that it was akin to propensity evidence, criminal profile evidence, and evidence of crimes committed by third parties.

As the majority concedes, defendant "did not object at trial that admitting the evidence would violate his due process rights." (Maj. opn., *ante*, at p. 433.) The majority likewise concedes that the trial court had no opportunity to evaluate the constitutional arguments defendant now urges on appeal. (See *id.* at pp. 436–437.) Under the plain language of Evidence Code section 353 and our case law construing that statute in this precise context, defendant forfeited his claim that the admission of the gang evidence violated his due process rights. The majority, remarkably, finds to the contrary, although the precise basis for its conclusion remains obscure. In particular, the majority does not explain how an objection on section 352 grounds makes clear to the trial court that the defendant is also objecting on due process grounds.

The majority *does* try to distinguish our long-standing line of cases construing Evidence Code section 353 to bar a defendant from claiming due process error for the first time on appeal, but the distinction is a false one. The majority suggests that these cases "hold only that the constitutional argument is forfeited to the extent the defendant argued on appeal that the constitutional provisions required the trial court to exclude the evidence for a reason not included in the actual trial objection." (Maj. opn., *ante*, at pp. 437–438.) But, as discussed above, we have applied the forfeiture rule even when the actual trial objection was that the evidence was more prejudicial than probative under section 352 and the argument on appeal was that the error in overruling the section 352 objection allowed in evidence that was so "inflammatory" as to deny the defendant due process. (E.g., *People v. Rowland, supra,* 4 Cal.4th at p. 273 & fn. 14.) Inasmuch as defendant's trial objection here was merely that the evidence was more prejudicial than probative under section 352 and his appellate argument is that "the erroneous admission of the inflammatory gang evidence" denied him due process, this case is indistinguishable from those enforcing our long-standing interpretation of section 353.[1]

In other words, this case is really about stare decisis. The high court reminds us "often and with great emphasis" that stare decisis " 'is of fundamental importance to the rule of law.' " (*Patterson v. McLean Credit*

---

[1] The majority also cites three cases in which we proceeded to decide a due process claim even though the face of the opinion did not reflect that an objection on that ground had been made in the trial court. (*People v. Cole* (2004) 33 Cal.4th 1158, 1195, fn. 6 [17 Cal.Rptr.3d 532, 95 P.3d 811]; *People v. Jones* (1998) 17 Cal.4th 279, 305–306 [70 Cal.Rptr.2d 793, 949 P.2d 890]; *People v. Hawkins* (1995) 10 Cal.4th 920, 950–952 [42 Cal.Rptr.2d 636, 897 P.2d 574].) In none of those cases, however, did our opinions reflect that the Attorney General ever asserted that the claims had been forfeited for failure to articulate that specific ground below. More importantly, none of those cases purported to construe—or even cited—Evidence Code section 353. Inasmuch as the Attorney General here *has* invoked the forfeiture rule of section 353 and (as the majority concedes) section 353 governs here, those three cases are not authority on the forfeiture issue. (*People v. Barragan* (2004) 32 Cal.4th 236, 243 [9 Cal.Rptr.3d 76, 83 P.3d 480] [" '[C]ases are not authority for propositions not considered' "].)

*Union* (1989) 491 U.S. 164, 172 [105 L.Ed.2d 132, 109 S.Ct. 2363].) We have echoed that sentiment and have agreed with the high court that "[t]he principles underlying the doctrine of stare decisis apply with special force in the context of statutory interpretation." (*Barner v. Leeds* (2000) 24 Cal.4th 676, 686, fn. 2 [102 Cal.Rptr.2d 97, 13 P.3d 704]; accord, *Patterson, supra,* 491 U.S. at p. 172.) " '[A]ny departure from the doctrine of *stare decisis* demands special justification' " (*Patterson, supra,* 491 U.S. at p. 172.), and therefore the " 'burden borne by the party advocating the abandonment of an established precedent is greater when the Court is asked to overrule a point of statutory construction.' " (*People v. Latimer* (1993) 5 Cal.4th 1203, 1213 [23 Cal.Rptr.2d 144, 858 P.2d 611], quoting *Patterson, supra,* 491 U.S. at p. 172.)

The majority fails utterly to grapple with the doctrine of stare decisis and the special justification necessary to overrule a point of statutory construction. That is unfortunate. (See *Shepard v. United States* (2005) 544 U.S. 13 [161 L.Ed.2d 205, 125 S.Ct. 1254, 1261 ["In this instance, time has enhanced even the usual precedential force, nearly 15 years having passed"].) Yet, even if it were considered as a question of first impression, the majority's newly minted exception to Evidence Code section 353 lacks any coherent justification. Because it is essential to discover the majority's rationale for this exception in order to determine whether it will apply in other circumstances in the future, I will endeavor to explain what it is not—or, at the least, *cannot* be.

1. *Is defendant's due process claim identical to his trial objection? No.*

The majority quotes our recent opinion in *People v. Yeoman* (2003) 31 Cal.4th 93, 117 [2 Cal.Rptr.3d 186, 72 P.3d 1166] (*Yeoman*)—that " '[a]s a general matter, no useful purpose is served by declining to consider on appeal a claim that merely restates, under alternative legal principles, a claim otherwise identical to one that was properly preserved by a timely motion that called upon the trial court to consider the same facts and to apply a legal standard similar to that which would also determine the claim raised on appeal' " (maj. opn., *ante,* at p. 436)—but then fails to explain how, if at all, this rather unremarkable proposition applies here. In *Yeoman,* we held that a defendant who made a *Wheeler*[2] objection to the exercise of a peremptory challenge at trial could assert a *Batson*[3] objection to the exercise of that challenge on appeal. We did so on the belief, since superseded (see

---

[2] *People v. Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748].

[3] *Batson v. Kentucky* (1986) 476 U.S. 79 [90 L.Ed.2d 69, 106 S.Ct. 1712].

*Johnson v. California* (2005) 545 U.S. 162 [162 L.Ed.2d 129, 125 S.Ct. 2410]), that "*Wheeler* and *Batson* articulate[d] the same standard" and thus "required the trial court to conduct the same factual inquiry" and to apply an "identical" legal standard. (*Yeoman, supra,* 31 Cal.4th at p. 117.) Under those circumstances, the parties "had an opportunity to litigate the relevant facts and to apply the relevant legal standard in the trial court." (*Id.* at p. 118, fn. omitted.)

Defendant, like the Court of Appeal, argued that his due process claim was identical to his objection under section 352. The majority properly rejects this argument. A claim under section 352 and a claim under due process are "not identical." (Maj. opn., *ante,* at p. 436.) The former depends on whether the probative value of the challenged evidence is substantially outweighed by the danger of undue prejudice; the latter depends on whether the challenged evidence rendered the entire proceedings fundamentally unfair. As the high court has made clear, these legal standards "are no more than ' "somewhat similar." ' " (*Duncan v. Henry* (1995) 513 U.S. 364, 366 [130 L.Ed.2d 865, 115 S.Ct. 887].) Because these claims do not depend on the same facts and are not governed by similar legal standards, *Yeoman* is inapplicable. (*People v. Smith* (2005) 35 Cal.4th 334, 356 [25 Cal.Rptr.3d 554, 107 P.3d 229] [defendant's constitutional claim is not preserved where it "is not identical to his properly preserved claim based on California decisions and statutes"].)

2. *Did defendant's trial objection, even if not identical to his due process argument on appeal, "fairly inform" the trial court of his due process argument? No.*

The majority at various points deems it "important" that an objection "fairly inform" the trial court of the argument sought to be advanced on appeal. (Maj. opn., *ante,* at p. 435.) I agree that an objection should, at a minimum, fairly inform the trial court and the opposing party of the specific ground sought to be urged on appeal—but this, once again, offers no help to defendant. As the high court explained in *Duncan v. Henry, supra,* 513 U.S. at page 366, an objection under section 352 that the evidence is more prejudicial than probative does not fairly "apprise" the court of a due process claim that the evidence was so "inflammatory as to prevent a fair trial." Indeed, as the majority elsewhere cautions, a trial court confronted with a section 352 objection cannot and should not consider whether the challenged evidence would render the trial fundamentally unfair. (Maj. opn., *ante,* at p. 437.) Consequently, the trial court was not informed, fairly or otherwise, of the argument defendant now urges on appeal.

3. *Even if defendant's due process claim is not preserved, may he nonetheless argue that the "legal consequence" of overruling his statutory objection was a due process violation? No.*

The majority never actually states that defendant's due process objection *is* preserved for appeal notwithstanding his failure to fairly present it to the trial court. Instead, the majority asks, "when, if ever, a trial objection on Evidence Code section 352 grounds preserves the appellate argument that admitting the evidence violated a defendant's federal due process rights" (maj. opn., *ante*, at p. 431) and then concludes that a defendant may argue "that the asserted error in overruling the trial objection had the legal consequence of violating due process." (*Ibid.*) The majority thus deems it significant that the defendant is making a "two-step argument on appeal: (1) the trial court erred in overruling the trial objection, and (2) the error was so serious as to violate due process." (*Id.* at p. 436.) Unfortunately, the majority has to take more than two steps—indeed, it must execute a reverse double somersault with a twist—to find that the due process argument here is preserved.

The majority never explains what qualifies as a claim and what qualifies as a legal consequence (or how to distinguish between the two), nor does the majority explain why the former is barred but the latter is preserved.[4] It makes no more sense to say that overruling a section 352 objection was error that had the legal consequence of violating due process than it would be to say that overruling a relevance objection was error that had the legal consequence of violating section 352 or that overruling a hearsay objection was error that had the legal consequence of violating the confrontation clause of the Sixth Amendment. In the latter circumstances, we have regularly held that the appellate claim—i.e., the legal consequence—is forfeited. (E.g., *People v. Champion* (1995) 9 Cal.4th 879, 913 [39 Cal.Rptr.2d 547, 891 P.2d 93] [relevance objection does not preserve claim under § 352; the trial court was not asked "to weigh the conversations' probative value and prejudicial effect"]; *People v. Catlin* (2001) 26 Cal.4th 81, 138, fn. 14 [109 Cal.Rptr.2d 31, 26 P.3d 357] [hearsay objection does not preserve claim that the "error constituted a violation of his Sixth Amendment right to confrontation"].) The majority offers no reason why a different result should obtain here. (*People v.*

---

[4] I agree with the majority that a trial court, in ruling on an evidentiary objection, "would not decide whether an erroneous ruling would be prejudicial under the . . . test" of *People v. Watson* (1956) 46 Cal.2d 818 [299 P.2d 243]. (Maj. opn., *ante*, at p. 437.) But we are dealing here with federal due process, which is a freestanding substantive claim, not a state constitutional standard of harmless error. Quite simply, there is no such thing as a "*Watson* claim." The analogy, therefore, is inapt.

*Rowland, supra,* 4 Cal.4th at p. 273, fn. 14 [§ 352 objection does not preserve claim that "by denying his motion, the court committed error . . . under the United States Constitution, including the due process clause"].)

More problematically, the majority's blanket assertion that we may review a challenge to an evidentiary ruling based on an argument never presented to the trial court so long as the argument is cast as a "consequence" rather than as an independent "claim" is utterly bereft of legal support. The majority cites no authority, here or elsewhere, in support of this newly minted distinction. This is not surprising, inasmuch as we long ago foreclosed such sophistic analysis: " 'The general rule confining the parties upon appeal to the theory advanced below is based on the rationale that the opposing party should not be required to defend for the first time on appeal against a new theory that "contemplates a factual situation the *consequences* of which are open to controversy and were not put in issue or presented at the trial." ' " (*Yeoman, supra,* 31 Cal.4th at p. 118, fn. 3, italics added, quoting *Ward v. Taggart* (1959) 51 Cal.2d 736, 742 [336 P.2d 534].) Where, as here, those consequences were not identified at trial, the defendant may not rely on them to challenge the trial court's ruling—for, "[i]n the absence of a timely and specific objection on the ground sought to be urged on appeal," the appellate court simply will not review "the trial court's rulings on admissibility of evidence." (*People v. Clark* (1992) 3 Cal.4th 41, 125–126 [10 Cal.Rptr.2d 554, 833 P.2d 561].) The majority fails to recognize that we sit to review trial court *rulings,* not consequences of particular objections, and that when we review those rulings, we are limited to those attacks articulated in the trial court. (*People v. Seijas* (2005) 36 Cal.4th 291, 302 [30 Cal.Rptr.3d 493] ["we have consistently held that the 'defendant's failure to make a timely and specific objection' on the ground asserted on appeal makes that ground not cognizable"]; *People v. Kennedy, supra,* 36 Cal.4th at p. 612 ["The appellate court's review of the trial court's admission of evidence is then limited to the stated ground for the objection"].) Because defendant failed to articulate a due process argument below, he forfeited it for appeal.

Even on its own terms, the distinction the majority draws between this case and our existing rule is at best an elusive one. As I understand it, the majority would continue to bar defendants from arguing for the first time on appeal that *by* overruling a section 352 objection, the trial court " 'committed error . . . under . . . the due process clause.' " (Maj. opn., *ante,* at p. 438, fn. 3, italics omitted.) But the majority will now allow defendants to argue for the first time on appeal that "error *in* overruling the actual objection was so serious as to violate due process." (*Ibid.,* italics added.) I do not understand

why the claim would be barred in one circumstance and not the other, nor does the majority explain why this slight difference in language should be endowed with transcendental significance.

### 4. *Is the trial court incompetent to decide a due process claim? No.*

The majority observes that in resolving a section 352 objection, a trial court "does not, and usually cannot, base this ruling on whether admitting prejudicial evidence would render the trial fundamentally unfair." (Maj. opn., *ante*, at p. 437.) But the question here is not whether a trial court can or does resolve a due process claim in the course of resolving a section 352 objection, but whether a trial court could resolve a due process claim if a defendant were to make a timely evidentiary objection on that specific ground. If trial courts are incompetent to resolve a timely due process objection to evidence, then the majority would be correct that defendants need not object to the evidence on that specific ground in order to preserve the due process claim for appeal. If, on the other hand, trial courts *are* competent to resolve timely due process objections to the evidence, then Evidence Code section 353 requires defendants to make such an objection on a timely basis in the trial court, on pain of forfeiting the claim on appeal. The statute contains no exception for arguments that the defendant could have brought to the trial court's attention (but did not) and that the trial court was competent to resolve (but had no opportunity to do so).

In my view, it is plain that trial courts are competent—indeed, well equipped—to resolve evidentiary objections based on due process. The judge who sits through the trial and hears the witnesses firsthand is in a much better position to gauge the impact of the challenged evidence on the jury than is an appellate tribunal, which has only the cold record to review. (Cf. *People v. Cornwell* (2005) 37 Cal.4th 50, 87 [33 Cal.Rptr.3d 1, 117 P.3d 622] [effect of spectator misconduct]; *Walling v. Kimball* (1941) 17 Cal.2d 364, 369 [110 P.2d 58] [effect of attorney misconduct].) As we recently observed, "it is the trial court that has a 'first-person vantage' [citation] on the *effect* of trial errors or irregularities on the fairness of the proceedings in that court." (*People v. Ault* (2004) 33 Cal.4th 1250, 1267 [17 Cal.Rptr.3d 302, 95 P.3d 523].) Moreover, trial courts have a "*constitutional* duty . . . to ensure that defendants be accorded due process of law." (*People v. Fosselman* (1983) 33 Cal.3d 572, 582 [189 Cal.Rptr. 855, 659 P.2d 1144], italics added) and statutory authority to correct asserted errors in the admission of evidence. (Pen. Code, § 1181, subd. 5 [trial court has authority to grant a new trial based on error "in the decision of any question of law arising during the course of the trial"].)

Our forfeiture rule reflects the principle "that a trial on the merits, whether in a civil or criminal case, is the 'main event,' and not simply a 'tryout on the road' to appellate review." (*Freytag v. Commissioner* (1991) 501 U.S. 868, 895 [115 L.Ed.2d 764, 111 S.Ct. 2631] (conc. opn. of Scalia, J.), quoting *Wainwright v. Sykes* (1977) 433 U.S. 72, 90 [53 L.Ed.2d 594, 97 S.Ct. 2497].) Allowing defendants to withhold a specific ground for the evidentiary objection, when the trial court is fully competent to consider that ground, thwarts this fundamental principle. As the majority points out, it is " 'simply a matter of fairness and justice' " to alert the trial court " 'to the particular objection' " sought to be advanced on appeal so that the trial court " 'can apply with legal accuracy [the] particular principle of law' " at issue. (Maj. opn., *ante*, at p. 434.) Without " 'a specifically grounded objection' " (*ibid.*) articulating "the specific reason or reasons the objecting party believes the evidence should be excluded," the party offering the evidence cannot respond appropriately, nor can the trial court make a fully informed ruling. (*Id.* at p. 435.) If, as the majority contends, defendants forfeit all other types of due process objections that are not presented to the trial court (see *ibid.*), it remains a mystery why *this* particular due process argument falls outside the general rule.

> 5. *Whatever the rationale for the majority's exception to our long-standing forfeiture rule, has defendant actually satisfied the exception? No.*

Evidence Code section 353 bars relief based on the admission of evidence unless the objecting party stated an objection so as "to make clear the *specific ground* of the objection" (italics added) and the appellate court agrees that the evidence should have been excluded "on the ground stated." Defendant's due process claim is forfeited through any fair application of this clear statutory command. But, under the majority's strained interpretation of the statute, relief may be granted "for a *reason* asserted at trial" or "included in the trial objection." (Maj. opn., *ante*, at p. 431, italics added.) However, the objecting party "may not argue on appeal that the court should have excluded the evidence for a reason different from the one stated at trial." (*Id.* at p. 435.) Although the majority's new formulation is sure to spawn hard-fought but largely pointless litigation as to what constitutes the same reason or a different reason, this case seems to fit in the latter category, not the former.

As the majority concedes, the sole reason defendant identified at trial for excluding the gang evidence was his unadorned contention that it was more prejudicial than probative. On appeal, though, defendant's claim has undergone a transformation. Defendant does not claim merely that the admission of evidence that was more prejudicial than probative, in that its probative value was so slight, violated his due process rights. Rather, he argues that his due

process rights were violated by the admission of evidence that was "inherently prejudicial" and that this evidence should be treated like evidence of a defendant's propensity to commit crimes, evidence of a criminal profile, and evidence of crimes committed by third parties. As to propensity, he argues that the gang evidence caused the jury to believe he "was more likely to have committed the violent offenses charged against him because of his membership in the . . . gang." As to criminal profile, he argues that the gang evidence deprived him of his "right to be tried based on the evidence against him . . . , not on the techniques utilized by law enforcement officials in investigating criminal activity." And, as to third party crimes, defendant argues that the gang evidence saddled him "with the burden of proving the innocence of another. Such a burden violates the fundamental principles of due process of law."

As amicus curiae State Public Defender explained at oral argument, the burden rests with the *appellant* to show that the appellate claim was the same as the trial objection. Defendant has not discharged this burden. Neither the trial court nor the prosecutor was ever alerted to these theories for exclusion, let alone any of the case law on which defendant is now relying. The prosecution never had the chance to "respond appropriately" to these bases for excluding the evidence, and the trial court never had the chance to "make a fully informed ruling" on them. (Maj. opn., *ante*, at p. 435.) As the Attorney General pointed out in his brief and again at oral argument, a fair reading of the record reveals that defendant's due process claims do not fall within the majority's newly created exception to the forfeiture rule.

Thus, rather than "reiterate" its general rule that a defendant may argue on appeal that the evidence "should have been excluded for the reason asserted at trial" but not "for a reason different from the one stated at trial" (maj. opn., *ante*, at p. 438, fn. 5), the majority ought instead to identify *which* of these due process arguments were preserved by defendant's perfunctory section 352 objection and which were not. The reviewing courts that will have to apply the majority's newly minted exception will need guidance in determining which theories are included within the reason asserted at trial and which are not. The majority's blanket statement that each of defendant's appellate arguments "is classic Evidence Code section 352 analysis" (maj. opn., *ante*, at p. 436, fn. 2), without regard to whether any of these arguments were actually presented below, is likely to breed confusion.

In sum, there is no rationale—let alone a coherent one—for repudiating our long-standing forfeiture rule in this context. Even if this were a question of first impression, there is likewise no justification for the exception the majority has crafted to Evidence Code section 353's clear command. Although such an exception has the potential to be extended in unpredictable

and mischievous ways, one hopes that it will instead remain a curiosity, applicable only to the singular circumstance when a defendant unsuccessfully challenges the admission of evidence at trial as more prejudicial than probative under section 352 and the appellate court is persuaded that admission of the evidence was error, albeit harmless. If limited to that circumstance, however, the rule will not benefit defendants in any discernible way. Error that is deemed harmless under *People v. Watson, supra,* 46 Cal.2d 818, will rarely (if ever) have the "consequence" of rendering a trial fundamentally unfair.

If, on the other hand, the new exception created by the majority were to have any practical effect, it will come only at the cost of blindsiding trial courts that have conscientiously considered the objections actually made and burdening appellate courts by forcing them to address evidentiary objections never passed on below. When a defendant objects that the admission of certain evidence would violate section 352, the trial court may find that the probative value of that particular evidence is not substantially outweighed by the danger of undue prejudice—and, at that point, the trial court's duty under section 352 is discharged. If, on the other hand, the defendant were to object also that the admission of this evidence would render his trial fundamentally unfair, the trial court has a different duty. The trial court would no longer focus on the relative probative and prejudicial value of that particular piece of evidence, but on the effect of that evidence on the trial as a whole. The trial court would also be alerted that review of its ruling on the due process issue would not be subject to the abuse of discretion standard that attaches to its ruling on the statutory claim, so it would be compelled to focus special attention on that distinctly broader constitutional question in the course of making subsequent rulings in the case. In discharging its duties, the trial court has both statutory and inherent authority to defer ruling on the due process objection until the effect of the challenged evidence on the entire proceeding can be assessed, up to and including the close of the prosecution's case-in-chief, the close of evidence, and a defendant's motion for new trial. (See Pen. Code, §§ 1093, 1094; *People v. Arias* (1996) 13 Cal.4th 92, 147 [51 Cal.Rptr.2d 770, 913 P.2d 980].) It makes no sense to manufacture an exception to Evidence Code section 353 that encourages parties to bypass the trial court and thereby denies appellate courts of their expertise.

If the prosecution were similarly alerted in a timely manner to the due process claim, it too would likewise have an opportunity to make appropriate adjustments. The prosecutor (or the trial court) might propose a limiting instruction that would ameliorate the possibility the jury might use the evidence for an improper purpose, such as to prove that the defendant had a propensity to commit this type of crime, that defendant fit a criminal profile,

or that defendant was guilty because of his association with criminals. The prosecutor might choose to offer additional evidence on the points in controversy, thereby diminishing the importance of the challenged evidence. The prosecutor might achieve the same result by electing not to rely on the disputed evidence in closing argument. In short, both the trial court and the prosecutor might make numerous adjustments upon learning the true nature of defendant's objection. I therefore respectfully disagree with the majority's assertion that "no purpose would be served by requiring the objecting party to inform the court that it believes error in overruling the actual objection would violate due process." (Maj. opn., *ante*, at p. 437.) At a minimum, the majority's approach will undermine what defense counsel and amicus curiae State Public Defender conceded at oral argument was the "best practice" for trial lawyers—i.e., to present the trial court with an objection on both section 352 grounds and on due process grounds. Even worse, the majority's approach will allow parties to deliberately withhold the objections that would enable the opposing party and trial courts to make appropriate adjustments to avoid the risk of reversal.

Aside from blindsiding the trial court and the opposing party, the majority's new exception to Evidence Code section 353 encourages defendants to withhold all but one of the grounds for an objection from the trial court and then, on appeal, to invoke every conceivable constitutional provision as a legal consequence of overruling the objection actually made at trial. This will do nothing but burden appellate courts with the task of evaluating a multiplicity of legal consequences, none of which was ever presented to the trial court and most of which will likely border on the frivolous.

Evidence Code section 353 requires a party's objection to be "timely made and so stated as to make *clear* the *specific* ground of the objection." (Italics added.) The majority concedes that defendant never made clear to the trial court that he objected to the gang evidence on the specific ground of due process and concedes as well that his due process objection is not "identical," within the meaning of *Yeoman*, *supra*, 31 Cal.4th at page 117, to the section 352 objection he did assert at trial. (Maj. opn., *ante*, at p. 436.) Nor does the majority contend that the section 352 objection " 'specifically present[ed]' " the due process claim defendant advances on appeal (maj. opn., *ante*, at p. 434), or that the People "had the full opportunity at trial to litigate" the due process argument (*id.* at p. 436) or to " 'cure the defect' " by offering a limiting instruction or taking other steps designed to minimize the prospect of reversal. (*Id.* at p. 434.) "Defendant could have apprised, but did not apprise,

the trial court of such a claim." (*Id.* at p. 436.) He therefore forfeited his due process challenge. Because the majority finds otherwise, I respectfully dissent from that determination. I concur only in the judgment.

Kennard, J., and Ashmann-Gerst, J.,[*] concurred.

Respondent's petition for a rehearing was denied February 8, 2006. Chin, J., did not participate therein. Kennard, J., and Baxter, J., were of the opinion that the petition should be granted.

---

[*]Associate Justice of the Court of Appeal, Second Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.