Filed 8/12/15  P. v. Rattler CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B258743 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA424392) |
| v. | |
| JaJUAN RATTLER, | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Los Angeles County, Lia Martin, Judge. Affirmed.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Robert C. Schneider, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted defendant and appellant JaJuan Rattler of possession of a firearm by a felon. (Pen. Code, § 29800, subd. (a)(1)[1].) Defendant admitted that he suffered four prior felony convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior felony convictions within the meaning of section 667.5, subdivision (b). The trial court sentenced defendant to six years in state prison. On appeal, defendant contends that the trial court abused its discretion in permitting the prosecution to present gang evidence. We affirm.

## BACKGROUND

About 5:15 a.m. on May 4, 2014, Los Angeles Police Department Officer Jeremy Miller and his partner Conor Sever patrolled the area around 73rd and Main Streets. Recently, there had been a number of automobile burglaries and vandalisms in the area. While on patrol, Officer Miller saw a man standing close to and nearly between some parked cars. The man caught Officer Miller's attention because he was wearing all dark clothing, including a baseball cap "with a white Cincinnati C on it." Officer Miller took note of the cap because "[t]hat cap . . . can sometimes be indicative of a gang member" in that neighborhood.

As the officers approached in their vehicle, the man looked in their direction, turned, and ran into the courtyard of a nearby apartment building. The officers drove to the apartment building—a distance of about 150 feet. The windows of their police car were open. When they stopped, Officer Miller heard the sound of a heavy metal object striking concrete. He "associated" that sound with a gun hitting concrete. Officer Miller previously had heard the sound produced when a gun strikes concrete and described it as "distinctive." The sound seemed to come from the courtyard—at that time of the morning, it was very quiet outside.

---

[1]     All statutory citations are to the Penal Code unless otherwise noted.

About two seconds after Officer Miller heard the "metal sound," he saw the man who had run into the courtyard walk out from behind a shrub. The man had removed his sweatshirt, but was still wearing the baseball cap. Officer Miller identified defendant as the man who walked out from behind the shrub.

Officer Sever searched behind the shrub from behind which defendant had walked and found a fully loaded Ruger .357 caliber magnum revolver lying on a concrete pad. The officer retrieved the handgun and maintained it and the bullets in a manner that would allow them to be checked for fingerprints.

Officer Miller detained defendant and searched his name on his patrol car's mobile data terminal. Officer Miller determined that defendant had search and seizure conditions, which permitted the officer to search defendant without probable cause. The officer searched defendant and did not find any weapons. When Officer Miller initially saw defendant near the cars, he had not seen any weapons on defendant.

Larklyn Watts, a Los Angeles Police Department forensic fingerprint specialist, did not find any latent fingerprints on the handgun Officer Sever recovered. She did not test the bullets for fingerprints.

The parties stipulated that defendant previously had been convicted of a felony.

## DISCUSSION

Defendant contends that the trial court abused its discretion when it permitted Officer Miller to testify that defendant was wearing a baseball cap with the letter "C" on it that "sometimes can be indicative of a gang member" in the area where defendant was arrested because such evidence was not relevant to any issue in the case. Alternatively, defendant argues, if the evidence was relevant, its probative value was substantially outweighed by its prejudicial impact and thus should have been excluded under Evidence Code section 352. The trial court's error, defendant contends, caused his trial to be fundamentally unfair. Even if the trial court should have excluded Officer Miller's gang testimony about defendant's baseball cap, any such error was harmless.

3

## A.    Background

Pretrial, defense counsel moved to exclude evidence that defendant was affiliated with a gang.  The prosecutor stated that he did not want to introduce evidence that defendant was a member of a particular gang, but did want to introduce evidence that defendant was wearing gang attire, which attire drew Officer Miller's attention.  He explained that wearing a cap with the letter "C" on it in "that neighborhood" was "pretty much 100 percent of the time indicative of Crip membership."  He explained that a person wearing such a cap in that neighborhood would catch the attention of the police, and sought introduction of the cap to explain the attention Officers Miller and Sever paid to defendant.

The trial court ruled that the prosecution could introduce the cap to explain what drew Officer Miller's attention to defendant, but that the prosecution could not introduce evidence that identified defendant's gang or that explained what "gangs do."  Defense counsel argued that defendant did not challenge the reason that Officer Miller's attention was drawn to defendant and there was not a gang enhancement allegation in the case.  The trial court responded, "The problem is, I can't so sanitize it that the court inadvertently creates some reason for the jury to start to speculate that [defendant] was just being messed with on that particular instance."

As set forth above, Officer Miller testified that the man he saw standing close to and nearly between some parked cars was wearing all dark clothing, including a baseball cap "with a white Cincinnati C on it."  He explained that he noticed the cap because "[t]hat cap . . . can sometimes be indicative of a gang member" in that neighborhood.  During closing argument, the prosecutor said that the police "keyed in on the defendant because of his apparel in that neighborhood and they watched him."

## B.    Application of Relevant Principles

Evidence Code section 210 defines "relevant evidence" as evidence "having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action."  Evidence Code section 352 provides, "The court in its

4

discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." "[T]he admission of evidence, even if erroneous under state law, results in a due process violation only if it makes the trial *fundamentally unfair.* [Citations.] Absent fundamental unfairness, state law error in admitting evidence is subject to the traditional *Watson* test: The reviewing court must ask whether it is reasonably probable the verdict would have been more favorable to the defendant absent the error. [Citations.]" (*People v. Partida* (2005) 37 Cal.4th 428, 439, citing, inter alia, *People v. Watson* (1956) 46 Cal.2d 818, 836.)

Defendant contends that the admission of Officer Miller's testimony rendered his trial fundamentally unfair essentially under the theory that the erroneous admission of any gang evidence renders a trial fundamentally unfair. Although gang evidence can have a highly inflammatory impact on a jury (*People v. Albarran* (2007) 149 Cal.App.4th 214, 223), the gang evidence in this case was innocuous. Officer Miller testified that defendant caught his attention because of the clothes he was wearing, including the baseball cap. The officer explained that in the neighborhood in which defendant was arrested the cap defendant was wearing "can sometimes be indicative of a gang member." Officer Miller did not testify that defendant was a gang member, identify the gang to which defendant might belong, or describe the criminal activities of any such gang. Accordingly, any erroneous admission of Officer Miller's gang testimony did not render defendant's trial fundamentally unfair. (*People v. Partida, supra,* 37 Cal.4th at p. 439.)

Even if erroneous, the admission of Officer Miller's gang testimony was harmless in light of the evidence of defendant's guilt. At 5:15 a.m., in an area that had experienced a number of automobile burglaries, Officer Miller spotted defendant standing close to and nearly between some parked cars. As Officers Miller and Sever approached defendant in their vehicle, defendant looked in their direction, turned, and ran into the courtyard of a nearby apartment building. The officers drove the short distance to the apartment building where Officer Miller heard a sound that he believed was a gun hitting concrete

5

and seemed to come from the courtyard. Immediately after that sound, defendant walked out from behind a shrub. Officer Sever searched behind the shrub and found a handgun. Defendant stipulated that he was a convicted felon. In light of that evidence, no reasonable juror would have acquitted defendant of the charge of possession of a firearm by a felon even if the trial court had excluded Officer Miller's gang testimony. Thus, any error in admitting that testimony was harmless. (*People v. Partida, supra,* 37 Cal.4th at p. 439; *People v. Watson, supra,* 46 Cal.2d at p. 836.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J.


We concur:


TURNER, P. J.


KIRSCHNER, J.*

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.