Filed 4/5/16  P. v. Jones CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B261020 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA423666) |
| v. | |
| HOUSTON JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Monica Bachner, Judge.  Affirmed.

Morgan H. Daly, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Houston Jones (Jones) was convicted of second degree burglary, a felony pursuant to Penal Code section 459. He was sentenced to six years in state prison, calculated as the midterm of two years, plus one year each for four incarceration priors within the meaning of Penal Code section 667.5, subdivision (b). The trial court awarded Jones a total of 496 days of custody credits, calculated as 248 actual days served and 248 days of good conduct credit.

On appeal, Jones contends that trial court abused its discretion under Evidence Code section 352[1] and violated his right to due process by admitting his prior theft convictions for impeachment.

We find no error and affirm.

## FACTS

*Prosecution Case*

At about 11:55 p.m. on April 13, 2014, Daniel Sanchez (Sanchez) was in his apartment on East 28th Street in Los Angeles waiting for his son to arrive home. While looking out the second-story window, Sanchez saw his truck and Jones standing next to the truck's door. Jones raised his arm up and swung outward; at that point, Sanchez heard breaking glass. Sanchez ran outside and saw that Jones had lifted the truck's hood. He was positioned near the location of the car battery, and was holding a pair of pliers. When Sanchez approached, Jones dropped the pliers and ran away from the truck. Sanchez began chasing Jones.

Jones ran toward and then past Amasi Julian Murillo (Murillo), who was walking home. Then Murillo saw Sanchez in pursuit. At some point, Murillo heard something metal drop to the ground. Sanchez grabbed Jones by the arms and brought him back to the truck. Murillo called 9-1-1.

Officer John Boverie of the Los Angeles Police Department responded to the scene with a partner. They observed a male Hispanic holding a male Black against a

---

[1]     All further statutory references are to the Evidence Code unless otherwise indicated.

2

white truck. The officers detained Jones. Upon searching Jones, they found gloves and a small flashlight. Sanchez told the officers about the pliers, which they recovered from the street.

One of the cables was loose on the truck's battery.

### Section 402 Hearing On Prior Felony Convictions

After the People rested, the parties and the trial court discussed what would be admissible for impeachment if Jones testified. The prosecutor indicated that she planned to use all of Jones's felony priors. The trial court indicated drug possession violations of Health and Safey Code section 11350 could not be used for impeachment because they did not involve moral turpitude.

Defense counsel stated: "I would . . . ask under [section] 352, if the [trial] court would consider limiting the number of convictions the [trial] court will allow [Jones] to be impeached with. Because if . . . , let's say 14 convictions come in, it's highly prejudicial, cumulative. And I think the jury is going to convict based on the number of convictions he has, rather than on the evidence."

At a subsequent hearing, the trial court asked the prosecutor to state which priors she wanted to use. She identified the following priors: (1) a 1994 burglary; (2) a 1995 petty theft with a prior; (3) a 1997 petty theft with a prior; (4) a 2000 conviction for receiving stolen property; (5) a 2000 burglary; (6) a 2002 conviction for unlawful taking or driving of a vehicle; (7) a 2004 conviction for unlawful taking or driving of a vehicle; (8) a 2006 grand theft auto; (9) a 2007 conviction for possession of cocaine base for sale; (10) a 2007 conviction for receiving stolen property; and (11) a 2007 conviction for buying or receiving a stolen vehicle or equipment.

Defense counsel asked the trial court to limit the number of convictions used, and to sanitize any conviction involving facts similar to the burglary with which Jones was presently being charged.

The trial court excluded convictions from 1990 and earlier, convictions not involving crimes of moral turpitude, and the 1994 burglary conviction on the grounds that it was cumulative. With respect to convictions that involved automobiles or burglaries,

3

the trial court stated that it would sanitize the description so the jury would learn only that they involved crimes of moral turpitude.

***Defense Case***

The defense called two witnesses to testify that in the weeks just prior to his arrest, Jones walked with a limp and used a cane or a walking stick.

Jones testified that on the night of his arrest, he was walking from a store where he had recycled cans, bottles and plastic. He had a limp, and on that night he was using a cane. After he stopped to relieve himself and pick up some cans, Jones was confronted by Sanchez and accused of breaking into his truck. According to Jones, he was near the truck but did not go up to it and break its window. He said he had gloves because he recycles. He had the flashlight and pliers so that he could work on scooters and mini-bikes.

On direct examination, Jones admitted to a 1995 felony theft and a 1997 felony theft. He also admitted to be convicted of theft offenses in 1997, 2000, 2002, 2004, 2006 and 2007.

During cross-examination, Jones and the prosecutor had the following colloquy:

"[THE PROSECUTOR]: And you've been convicted of petty theft with a prior in 1995; right?

"[JONES]: Yes.

"[THE PROSECUTOR]: And again in 1997?

"[JONES]: Yes.

"[THE PROSECUTOR]: And you were convicted of a crime of moral turpitude in 2000, as well as receiving stolen property?

"[JONES]: Yes.

"[THE PROSECUTOR]: And you were convicted of another crime of moral turpitude in 2002?

"[JONES]: Yes.

"[THE PROSECUTOR]: And another crime of moral turpitude involving theft in 2004?

4

"[JONES]: Yes.

"[THE PROSECUTOR]: And a grand theft in 2005?

"[JONES]: Yes.

"[THE PROSECUTOR]: And possession for sale of cocaine base in 2007?

"[JONES]: Yes.

"[THE PROSECUTOR]: And unlawful concealing or selling stolen property and receiving stolen property in 2007?

"[JONES]: Yeah.

"[THE PROSECUTOR]: Mr. Jones, you broke into Mr. Sanchez's car, didn't you?

"[JONES]: No, I didn't."

## DISCUSSION

Evidentiary rulings are reviewed for an abuse of discretion. (*People v. Cowan* (2010) 50 Cal.4th 401, 462.) If we find evidentiary error, that error does not require reversal unless it is reasonably probable that a more favorable result would have occurred had the evidence been excluded. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) Whether error under section 352 resulted in a fundamentally unfair trial and thereby violated due process "is a question of law for the reviewing court." (*People v. Partida* (2005) 37 Cal.4th 428, 437.) A violation of due process is subject to review pursuant to the standard in *Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*). Under *Chapman*, the reviewing court asks whether the constitutional error was harmless beyond a reasonable doubt. (*Id*. at p. 24.)

The initial question is whether the trial court abused its discretion when admitting Jones's theft priors.

Section 788 provides: "For the purpose of attacking the credibility of a witness, it may be shown by the examination of the witness or by the record of the judgment that he has been convicted of a felony." This statute is subject to section 352, which applies to all relevant evidence. (*People v. Castro* (1985) 38 Cal.3d 301, 306.) Section 352 provides: "The court in its discretion may exclude evidence if its probative value is

substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

When exercising its discretion under sections 788 and 352, "the trial court must consider four factors identified by our Supreme Court in *People v. Beagle* (1972) 6 Cal.3d 441, 453 [(*Beagle*)]: (1) whether the prior conviction reflects adversely on an individual's honesty or veracity; (2) the nearness or remoteness in time of a prior conviction; (3) whether the prior conviction is for the same or substantially similar conduct to the charged offense; and (4) what the effect will be if the defendant does not testify out of fear of being prejudiced because of the impeachment by prior convictions. [Citation.] These factors need not be rigidly followed. [Citation.]" (*People v. Mendoza* (2000) 78 Cal.App.4th 918, 925.)

The admission of the priors did not prevent Jones from testifying. Regarding the other factors, we note the following. They reflected on Jones's honesty, and therefore served the purpose of impeachment. (*Beagle*, *supra*, 6 Cal.3d at p. 453 [acts of stealing are universally regarded as conduct which reflects adversely on a man's honesty and integrity].) The convictions were not too remote. Rather they established a pattern of misconduct. (*Ibid*. [generally, an old conviction should be excluded on the ground of remoteness if the defendant lived a legally blameless life between the old conviction and committing the new offense]; *People v. Green* (1995) 34 Cal.App.4th 165, 183 [20-year old prior admissible because "appellant did not subsequently lead a blameless life"].) Finally, the convictions were not substantially similar to the second degree burglary with which Jones was charged in this case, or they were otherwise sanitized to avoid undue prejudice. (*Beagle*, *supra*, at p. 453 [there are strong reasons to exclude prior convictions involving the same or substantially similar conduct because of the inevitable pressure on jurors to believe that if the defendant committed the prior offense, he or she probably committed the current offense].)

The trial court ruled within the bounds of its discretion.

6

In reaching this conclusion, we reject Jones's contention that the theft priors were similar enough to create pressure on the jurors to believe that """"if he did it before he probably did [it] this time."""" (*Beagle*, *supra*, 6 Cal.3d at p. 453.) The jury was given no indication that the prior convictions involved burglary or vehicles. Thus, it had no reason to conclude that Jones have previously burglarized a vehicle and was therefore more likely to have committed the charged offense. Even if the priors were similar, we would not find an abuse of discretion because the probative value regarding Jones's honesty outweighed the prejudicial impact. This is particularly so because excluding the theft priors would have given Jones a """"false aura of veracity"""" when he disclaimed culpability. He was not entitled to that. (*People v. Muldrow* (1988) 202 Cal.App.3d 636, 647, citing *Beagle*, *supra*, at p. 453.)

If there had been error resulting in a violation of due process, we would find the error harmless under the *Chapman* test. We note that Sanchez saw Jones break into the truck and confronted him while he was standing near the truck's battery with the hood open. Jones had gloves, pliers and a flashlight. Sanchez testified that a cable had been loosened on the truck's battery. Beyond a reasonable doubt, the jury would have still convicted Jones even if the priors had been excluded.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
    ASHMANN-GERST

We concur:


_____, P. J.
   BOREN


_____, J.
   HOFFSTADT

7