Filed 5/18/16  P. v. Wright CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BLAKE MICHAEL WRIGHT,<br><br>Defendant and Appellant. | F068418<br><br>(Super. Ct. No. CRF40598)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

Peter J. Boldin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Doris A. Calandra, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Following a traffic collision on April 1, 2012, in Tuolumne County, defendant Blake Michael Wright was charged by information with driving under the influence and causing bodily injury to another person, in violation of Vehicle Code section 23153, subdivision (a) (count I).  In connection with count I, the information also alleged that

pursuant to Vehicle Code section 23566, subdivision (a), defendant suffered a prior conviction within the past 10 years for driving under the influence in violation of Vehicle Code section 23152, subdivision (a); he personally inflicted bodily injury on the victim pursuant to Penal Code section 12022.7, subdivision (a); and count I was a serious and violent felony pursuant to Penal Code sections 1192.7, subdivision (c)(8), and 667.5, subdivision (c)(8) (the three strikes law).  Subsequently, an amended information added the allegation that defendant committed count I while out on bail or released on his own recognizance, pursuant to Penal Code section 12022.1.

Defendant admitted the prior conviction and on-bail enhancement and waived his right to a jury trial as to those allegations.  He was convicted by jury of driving under the influence and the jury found the allegation of great bodily injury true.  The trial court sentenced defendant to two years (mid-term) for driving under the influence and imposed consecutive sentences of three years for the great bodily injury enhancement (Pen. Code, § 12022.7, subd. (a)) and two years for the on-bail enhancement (Pen. Code, § 12022.1), for a total prison term of seven years.

On appeal, defendant argues the trial court erred in admitting evidence of the chemical analysis results of his blood draw and in admitting the prior testimony of California Highway Patrol (CHP) Officer Christopher Allen.  Defendant contends the warrantless blood draw violated his rights under the Fourth Amendment of the United States Constitution, and the admission of the prior testimony violated his rights under California law and under the Confrontation Clause of the Sixth Amendment of the United States Constitution.

We affirm.

## FACTUAL SUMMARY

In the late afternoon of April 1, 2012, defendant was driving on Highway 108 in Tuolumne County when he sideswiped one car and then hit a second car head-on, seriously injuring himself and the driver of the second car.  CHP Officer Scott Taylor was

2.

the first responding officer on the scene. When he approached defendant, who was pinned in the car, defendant was semi-conscious but responsive to questions. Defendant told Officer Taylor he had taken methadone and Vicodin just prior to the collision. His pupils were very constricted, he appeared to be "on the nod," and his speech was slow and slurred, all indicators of being under the influence of a narcotic analgesic.[1]

When CHP Officer John Lemas, who was the investigating officer, subsequently arrived, defendant was already in the process of being transported from the scene for medical treatment. Based on his conversation with Officer Taylor, Officer Lemas determined defendant was under the influence of a drug. Officer Allen was then dispatched to obtain a sample of defendant's blood from him at Memorial Medical Center, where he had been transported for treatment. Pursuant to Officer Allen's request, a registered nurse drew defendant's blood at approximately 8:00 p.m. Officer Allen sealed the blood in an envelope, which was placed in an evidence bag and then deposited in an evidence locker.

Defendant's blood was initially screened for opiates by the California Department of Justice and the screen was positive. The subsequent chemical analysis identified the presence of methamphetamine, hydroxybupropin, lidocaine, and methadone. The sample was not sufficient in quantity, however, to permit testing for hydrocodone (Vicodin).

## DISCUSSION

### I. Motion to Suppress Warrantless Blood Draw Results

Prior to trial, defendant brought a motion to suppress the evidence obtained from the warrantless draw of his blood at the hospital. (Pen. Code, § 1538.5, subd. (a)(1)(A).)

---

[1] The term "on the nod" describes the sedated state of someone on opiates or synthetic opiates. Those "on the nod" usually have droopy eyelids and lean forward, appearing out of it and close to sleep. However, because the sedative effect is drug-induced, they can usually be snapped out of it easily and immediately, and they are able to answer questions and remain alert as long as their focus is maintained. Once their focus is no longer maintained, they revert to a sedated state.

On appeal, defendant argues the warrantless search and seizure violated his rights under the Fourth Amendment. Defendant contends he did not consent to the blood draw, there were no exigent circumstances present justifying the warrantless draw, and the "implied consent" provisions of the Vehicle Code violate the Fourth Amendment facially and as applied to him.[2] (*People v. Harris*, *supra*, 234 Cal.App.4th at p. 686.)

### A.     Standard of Review

Pursuant to Penal Code section 1538.5, subdivision (a)(1)(A), a defendant may move to suppress evidence obtained without a warrant on the ground the search was unreasonable. "'In ruling on a motion to suppress, the trial court must find the historical facts, select the rule of law, and apply it to the facts in order to determine whether the law as applied has been violated. We review the court's resolution of the factual inquiry under the deferential substantial-evidence standard. The ruling on whether the applicable law applies to the facts is a mixed question of law and fact that is subject to independent review.' [Citation.] On appeal we consider the correctness of the trial court's ruling *itself*, not the correctness of the trial court's *reasons* for reaching its decision. [Citations.]" (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 145.) "'Pursuant to article I, section 28, of the California Constitution, a trial court may exclude evidence under Penal Code section 1538.5 only if exclusion is mandated by the federal Constitution.' [Citation.]" (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 365.)

---

[2]     Under the Vehicle Code, drivers are deemed to have consented to chemical testing of their blood for alcohol and drug content incident to lawful arrest for violation of sections 23140, 23152, or 23153. (Veh. Code, § 23612, subds. (a)(1)(A) & (B).) Moreover, for unconscious drivers or drivers otherwise incapable of consenting, consent is not deemed withdrawn. (Veh. Code, § 23612, subd. (a)(5).) These provisions have been referred to as "implied consent" provisions. (*People v. Harris* (2015) 234 Cal.App.4th 671, 686.)

**B.    Good Faith Exception to Exclusionary Rule**

"The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" (*Davis v. United States* (2011) 564 U.S. 229, 236.)  "The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State" (*Schmerber v. California* (1966) 384 U.S. 757, 767 (*Schmerber*)), and reasonableness is the amendment's "'ultimate touchstone.' [Citation.]" (*Riley v. California* (2014) __ U.S. __, __, 134 S.Ct. 2473, 2482.)

"A warrantless search is presumed to be unreasonable, and the prosecution bears the burden of demonstrating a legal justification for the search." (*People v. Redd* (2010) 48 Cal.4th 691, 719.)  However, "the State's use of evidence obtained in violation of the Fourth Amendment does not itself violate the Constitution.  [Citations.]  Rather, a Fourth Amendment violation is "'fully accomplished'" by the illegal search or seizure, and no exclusion of evidence from a judicial or administrative proceeding can "'cure the invasion of the defendant's rights which he has already suffered."'  [Citation.]" (*Pennsylvania Bd. of Probation and Parole v. Scott* (1998) 524 U.S. 357, 362.)  Thus, rules excluding evidence obtained in violation of the Fourth Amendment are not themselves constitutional rights nor are they "designed to 'redress the injury' occasioned by an unconstitutional search.  [Citations.]" (*Davis v. United States*, *supra*, 564 U.S. at p. 236.)  The sole purpose of exclusionary rules "is to deter future Fourth Amendment violations" and "[w]here suppression fails to yield 'appreciable deterrence,' exclusion is 'clearly … unwarranted.' [Citation.]" (*Id.* at pp. 236-237.)  While deterrence is required to justify the suppression of evidence pursuant to exclusionary rules, it is, alone, not enough. (*Id.* at p. 237.)  Exclusionary rules generate "'substantial social costs,'" and therefore, "[f]or exclusion to be appropriate, the deterrence benefits of suppression must outweigh its heavy costs." (*Ibid.*)

The blood draw at issue here falls within the purview of the Fourth Amendment and must be reasonable under the circumstances. (*Schmerber*, *supra*, 384 U.S. at pp. 767-768.) At the time defendant's blood was drawn at the direction of Officer Allen, California courts of appeal had interpreted the United States Supreme Court's 1966 decision in *Schmerber* as creating a per se exception to the general warrant requirement for blood draws in cases involving intoxicated driving. (*People v. Jimenez* (2015) 242 Cal.App.4th 1337, 1365 (*Jimenez*).) The *Schmerber* case involved, in relevant part, a criminal defendant's Fourth Amendment challenge to chemical analysis evidence admitted against him for driving while under the influence of alcohol. (*Schmerber*, *supra*, 384 U.S. at pp. 758-759.) His blood was drawn for the chemical analysis over his objection while he was in the hospital receiving treatment for injuries he sustained after crashing his car. (*Ibid.*) The Supreme Court found the officer had probable cause to arrest him at the hospital for driving under the influence of alcohol, and the need to secure the already diminishing blood alcohol evidence justified the minor bodily intrusion that resulted from the medically acceptable blood draw performed in the hospital. (*Id.* at pp. 770-772.)

In 2013, the United States Supreme Court revisited its decision in *Schmerber* and clarified that *Schmerber* did not create a per se exception to the Fourth Amendment's reasonableness analysis for warrantless blood tests in drunk driving investigations. (*Missouri v. McNeely* (2013) __ U.S. __, __, 133 S.Ct. 1552, 1568 (*McNeely*).) Rather, the holding in *Schmerber* was based on an analysis of the totality of the circumstances, including consideration of the dissipation of the blood-alcohol content and the time required to secure a warrant, and each case must be similarly considered on its facts. (*McNeely,* at p. 1568.)

Defendant contends on appeal that courts of appeal misinterpreted *Schmerber* and because the case never created a per se exception to the warrant requirement for driving while intoxicated cases, his blood was drawn in contravention of his Fourth Amendment

rights and the trial court erred in denying his motion to suppress the evidence. We recently addressed this issue in *Jimenez*, *supra*, 242 Cal.App.4th at pp. 1360-1365, however, and concluded otherwise. We acknowledged the decision in *McNeely* and the general rule that the Supreme Court's interpretation of constitutional issues applies retroactively, but determined it was unnecessary to reach whether the search was reasonable under the totality of the circumstances because the good faith exception to the exclusionary rule applied. (*Jimenez*, at pp. 1364-1365.)

As in this case, the defendant in *Jimenez* challenged the trial court's denial of his motion to suppress the chemical analysis results from his blood draw, which was taken at the hospital without a warrant at the direction of an officer. (*Jimenez*, *supra*, 242 Cal.App.4th at pp. 1341, 1343.) In finding the denial of the motion to suppress was proper, we relied on the Supreme Court's recognition of a long-standing "'good faith' exception" to the exclusionary rule. (*Davis v. United States*, *supra*, 564 U.S. at p. 238.) This exception reflects consideration of the principle that exclusion of evidence "is a 'prudential' doctrine," and of the need to balance deterrence of Fourth Amendment violations with the social cost of suppressing relevant evidence obtained in violation of the Fourth Amendment. (*Id.* at pp. 236-237.) Underlying the exception is the recognition that "[w]hen the police exhibit 'deliberate,' 'reckless,' or 'grossly negligent' disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs. [Citation.] But when the police act with an objectively 'reasonable good-faith belief' that their conduct is lawful, [citation], or when their conduct involves only simple, 'isolated' negligence, [citation], the "'deterrence rationale loses much of its force,"' and exclusion cannot 'pay its way.' [Citations.]" (*Id.* at p. 238.)

Our decision in *Jimenez* controls here. Defendant's blood was drawn at the hospital by a nurse incident to his lawful arrest for driving while intoxicated. *McNeely* had not yet been decided and appellate courts' interpretation of *Schmerber* as virtually

7.

creating a per se exception to the warrant requirement in cases involving driving while intoxicated due to diminishing alcohol and drug levels was "still authoritative." (*Jimenez*, *supra*, 242 Cal.App.4th at p. 1365.) Officer Allen could have reasonably relied on this rule in determining that the preservation of evidence required obtaining defendant's blood at the hospital in the absence of a warrant. (*Ibid.*; accord *People v. Harris*, *supra*, 234 Cal.App.4th at pp. 700-704; *People v. Rossetti* (2014) 230 Cal.App.4th 1070, 1074-1077.) Officer Allen's request to the nurse to draw defendant's blood therefore fell within the good-faith exception to the exclusionary rule and the trial court's denial of the motion to suppress is affirmed.[3] (*Jimenez*, at p. 1365; *People v. Harris*, at pp. 703-704; *People v. Rossetti*, at pp. 1076-1077.)

## II.     Admission of Prior Testimony of Unavailable Witness

### A.     Summary of Proceedings

On September 10, 2013, the trial court held a hearing on defendant's motion to suppress his blood test results. Officer Allen testified regarding collection of the blood evidence from defendant at the hospital and was subject to cross-examination by defense counsel. Jury trial commenced on October 9, 2013, and the prosecutor brought a motion in limine seeking to admit Officer Allen's testimony pursuant to Evidence Code section 1291, subdivision (a)(2), because he was out of state on vacation and was unavailable to testify. Defense counsel objected that although she thought it would be okay, she might need to ask him more questions and she stated, "Well, see, the problem for me, Your Honor, is most of these officers didn't prepare a report. And during the [Penal Code section] 1538.5, I asked questions to -- that were more open-ended to find out what they -- what they were going to say. And so reading from that transcript may be more open-

---

[3]     Given our determination that the warrantless blood draw did not violate the Fourth Amendment, we do not reach defendant's alternative argument that the "implied consent" provisions of Vehicle Code section 23612, subdivisions (a)(1)(B) and (a)(5), violate the Fourth Amendment on its face and as applied to him.

ended versus, you know -- if I'm cross examining him today, I might not do that and I might put the screws to him a little more about, 'You didn't prepare a report,' and, you know -- and so the tone of it, I think, would be different to the jury."

The prosecutor pointed out that defense counsel had asked Officer Allen if he prepared a report during the motion to suppress hearing and he responded he had not. The trial court then granted the motion to admit Officer Allen's testimony and told defense counsel Allen's testimony about the report was sufficient to allow her to argue the absence of the report to the jury.

On the second day of jury trial, defense counsel renewed her objection prior to the admission of Officer Allen's testimony, stating, "I would object one more time to using it, because I notice that I didn't ask very many questions, and I would have asked more during trial. The purpose of the [Penal Code section] 1538.5 is a little different than a trial."

### B. Unavailability of Witnesses

California's Evidence Code provides that "[e]vidence of former testimony is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and [¶] … [¶] [t]he party against whom the former testimony is offered was a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing." (Evid. Code, § 1291, subd. (a)(2).) The section codifies a traditional exception to a criminal defendant's Sixth Amendment right to confront the prosecution's witnesses, and "when the requirements of [Evidence Code] section 1291 are met, the admission of former testimony in evidence does not violate a defendant's constitutional right of confrontation." (*People v. Herrera* (2010) 49 Cal.4th 613, 621.)

"A witness who is absent from trial is not 'unavailable' in the constitutional sense unless the prosecution has made a 'good faith effort' to obtain the witness's presence at the trial," and whether the prosecution made a "'good faith effort'" turns on

reasonableness. (*People v. Herrera*, *supra*, 49 Cal.4th at p. 622.) Additionally, the Evidence Code defines an unavailable witness as one who is "[a]bsent from the hearing and the proponent of his or her statement has exercised reasonable diligence but has been unable to procure his or her attendance by the court's process." (Evid. Code, § 240, subd. (a)(5).) The prosecution bears the burden of demonstrating the unavailability of its witness. (*People v. Herrera*, at pp. 622-623.)

### C.     Failure to Object Bars Claim of Error on Appeal

Defendant challenges the unavailability of Officer Allen at trial and argues that the trial court erred in allowing Allen's testimony to be introduced pursuant to Evidence Code section 1291, in violation of his rights under California law and the Sixth Amendment. We agree with the Attorney General that defendant forfeited his claim by failing to object on the grounds now raised on appeal, and, as discussed post, we are unpersuaded by defendant's argument that the trial court implicitly considered Officer Allen's unavailability and the issue was raised sufficiently by the prosecution's motion in limine, thereby preserving the issue for appeal.

Section 353, subdivision (a) of the Evidence Code provides, in relevant part, "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless: [¶] [t]here appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion." The general rule in California is that "trial counsel's failure to object to claimed evidentiary error on the same ground asserted on appeal results in a forfeiture of the issue on appeal." (*People v. Dykes* (2009) 46 Cal.4th 731, 756; accord *People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1214, abrogated in part on other grounds in *People v. Rangel* (2016) 62 Cal.4th 1192, 1215-1216.) "The objection requirement is necessary in criminal cases" and it "serves important purposes" but it "must be interpreted reasonably, not formalistically." (*People v. Partida* (2005) 37 Cal.4th 428, 434.) "What is important is

10.

that the objection fairly inform the trial court, as well as the party offering the evidence, of the specific reason or reasons the objecting party believes the evidence should be excluded, so the party offering the evidence can respond appropriately and the court can make a fully informed ruling." (*Id.* at p. 435.)

Here, defense counsel objected to the admission of Officer Allen's prior testimony because she thought she might want to ask him more questions during trial, particularly about his failure to write a report. Counsel did not object on the ground that he was not unavailable within the meaning of the law or that the statutory requirements were otherwise unsatisfied. (*People v. Herrera*, *supra*, 49 Cal.4th at pp. 621-622.)

Defendant's citation to *People v. Brenn* (2007) 152 Cal.App.4th 166 does not persuade us that he did not forfeit his claim, as it is distinguishable on its facts. Although the defendant's counsel in that case did not expressly object to the admission of a 911 call tape and subsequent statements made by the caller to a police officer, the prosecutor filed a motion briefing the *Crawford* issue and it was addressed by the trial court.[4] (*People v. Brenn,* at pp. 171, 174.) The court of appeal recognized that "[t]he whole idea behind the objection requirement is to afford the proponent of the evidence an opportunity to establish the admissibility and assist the court in making an informed decision." (*Id.* at p. 174.) The court found the objectives of that requirement met by the briefing and discussion, and it found "no unfairness or impropriety [would] result from [its] consideration of that decision," notwithstanding the fact the prosecution rather than the defense first raised the issue. (*Ibid.*)

---

[4]    In the landmark case of *Crawford v. Washington* (2004) 541 U.S. 36, the United States Supreme Court "held that a criminal defendant has the Sixth Amendment right to confront and cross-examine any witness who offers a testimonial out-of-court statement against the defendant." (*People v. Trujeque* (2015) 61 Cal.4th 227, 275.) "Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." (*Crawford v. Washington,* at p. 59, fn. omitted.)

11.

In this case in contrast, while the prosecution filed a motion in limine to admit the testimony of Officer Allen pursuant to Evidence Code section 1291, defense counsel did not object on the basis that Allen was not unavailable and there was no discussion of any substance on the issue. In particular, there was no discussion regarding whether Officer Allen's absence on vacation rendered him unavailable under the Evidence Code or whether the prosecutor made a good faith effort and acted with due diligence to procure his attendance. Although the prosecutor mentioned that defense counsel had the opportunity to cross-examine Officer Allen, the prosecutor's bare identification of the statutory grounds for admitting Allen's previous testimony—unavailability and a prior opportunity to cross-examine the declarant—does not suffice as notice of a challenge to the fact of Allen's unavailability for trial. Unlike in *People v. Brenn*, this is not a situation where the prosecutor's motion in limine and the limited discussion held on the Evidence Code section 1291 issue satisfied the goals underlying the objection requirement. (*People v. Brenn*, *supra*, 152 Cal.App.4th at p. 174.) Because defendant failed to object to the admission of Officer Allen's previous testimony on the grounds now argued on appeal, we find the claim forfeited. (*People v. McCoy* (2013) 215 Cal.App.4th 1510, 1524-1527.)

## DISPOSITION

The judgment is affirmed.

_____
LEVY, Acting P.J.

WE CONCUR:


_____
DETJEN, J.


_____
FRANSON, J.

12.